UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT CHALES CURTIS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY, Social Security Acting Commissioner Berryhill; PORTLAND DIRECTOR OF SOCIAL SECURITY; UNKNOWN EMPLOYEE OF PORTLAND SOCIAL SECURITY; SPOKANE DIRECTOR OF SOCIAL SECURITY; DEPARTMENT OF HUMAN SERVICES OF OREGON; DEPARTMENT OF HUMAN SERVICES OF WASHINGTON; UNKNOWN EMPLOYEE OF WA DHS,<br><br>    Defendants. | No. 2:18-cv-00342-SAB<br><br>**ORDER DISMISSING COMPLAINT** |

Before the Court are Defendants' motions to dismiss. ECF Nos. 5, 19, 21. Defendants request the Court dismiss this matter for a number of reasons, including lack of jurisdiction on the basis of sovereign immunity. After careful review of the Complaint, it appears pro se Plaintiff's claims are barred by sovereign immunity. Accordingly, Plaintiff's Complaint is dismissed.

**ORDER DISMISSING COMPLAINT ^** 1

# BACKGROUND

On September 18, 2018, pro se Plaintiff Robert Charles Curtis filed a Complaint *in forma pauperis* in Steven County Superior Court. Plaintiff brings this action against the Commissioner of Social Security, Portland Director of Social Security, Unknown Employee of Portland Social Security, Spokane Director of Social Security, Department of Human Services of Oregon, Department of Human Services of Washington, and Unknown Employee of WA DHS. Plaintiff alleges Defendant violated his civil rights by "cancellation of SSI and DHS benefits." Plaintiff requests $46,000 in "physical damages," and $10,000,000 in punitive damages.

Defendants Commissioner of Social Security, Portland Director of Social Security, Unknown Employee of Portland Social Security, and Spokane Director of Social Security (the "Federal Defendants") argue Plaintiff's claims are barred by federal sovereign immunity. Defendants Department of Human Services of Washington, Unknown Employee of WA DHS, Department of Human Services of Oregon (the "State Defendants") argue Plaintiff's claims are barred by state sovereign immunity.

# STANDARD

## Federal Sovereign Immunity

"The United States is immune from suit except in instances where it consents to being sued." *South Delta Water Agency v. U.S., Dept. of Interior, Bureau of Reclamation*, 767 F.2d 531, 536 (9th Cir. 1985) (citing *Bank of Hemet v. United States*, 643 F.2d 661, 664 (9th Cir. 1981)). "Federal agencies and instrumentalities, as well as federal employees acting in their official capacities within their authority, are similarly immune from suit." *Id.* (citation omitted). jurisdiction over the Federal Defendants.

//

**ORDER DISMISSING COMPLAINT ^ 2**

**State Sovereign Immunity**

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (quoting *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999)). A state agency is not a "person" under 42 U.S.C. § 1983, nor is a state official acting in his or her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). A suit against a state employee acting in his official capacity is tantamount to a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, the Eleventh Amendment also shields state officials from being sued in their official capacity. *Krainski*, 616 F.3d at 967 (citation omitted).

**DISCUSSION**

1. **Federal Defendants**

Plaintiff alleges his civil rights were violated when Defendants terminated his SSI and DHS benefits. The Federal Defendants argue that Plaintiff's civil rights action should be dismissed because federal employees acting in their official capacities enjoy sovereign immunity. The Court agrees. A suit against federal employees acting in their official capacities is considered a suit against the United States and thus subject to the defense of sovereign immunity. *See Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Therefore, Plaintiff's claims against the Federal Defendants are barred by federal sovereign immunity.

2. **State Defendants**

Plaintiff is also suing agencies in the states of Oregon and Washington, as well as state employees acting in their official capacities. Plaintiff requests $46,000 in "physical damages," and $10,000,000 in punitive damages. The Court finds the State Defendants are also immune from suit. *See Edelman v. Jordan*, 415 U.S. 651,

662-63 (1974). Thus, Plaintiff's claims against the State Defendants are barred by sovereign immunity.

### 3. Leave to Amend

Leave to amend is mandatory for pro se plaintiffs unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). A district court may deny leave to amend where amendment would be futile. *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is futile "if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

In this case, the Court finds no amendment could change the fact that Defendants are immune from suit. Thus, pro se Plaintiff is denied leave to amend.

## CONCLUSION

Plaintiff's claims against Defendants are barred by sovereign immunity. Accordingly, Plaintiff's Complaint is dismissed.

//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DISMISSING COMPLAINT ^ 4**

Accordingly, **IT IS HEREBY ORDERED:**

1. State of Oregon's Motion to Dismiss, ECF No. 5, is **GRANTED**.
2. Dep't of Human SVCS of WA and Unknown Employee of WA DHS's Motion to Dismiss, ECF No. 19, is **GRANTED**.
3. Defendants Social Security Administration et al.'s Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction Over Civil Rights Claim and Defendants, ECF No. 21, is **GRANTED**.
4. Plaintiff's Complaint is **DISMISSED**.
5. All remaining motions are **DISMISSED as moot.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and pro se plaintiff, enter judgment and close the file.

**DATED** this 1st day of February 2019.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT ^ 5**